## GOODEN *v.* AMOSKEAG FIRE-INSURANCE COMPANY.

A statute, limiting the time for bringing an action, is not defeated or its operation retarded, by negotiations for a settlement, or for a reference, pending between the parties, provided there be no agreement for delay, and the defendant has done nothing to mislead the plaintiff.

ASSUMPSIT, brought by the plaintiff to recover the amount of an insurance against fire, effected with said company upon the dwelling-house of the plaintiff, which was destroyed by fire on the 1st day of February, 1845.

The writ bore date the first day of August, 1846, and was served on the defendants on the 25th day of September following. The defendants are an incorporated company, and their act of incorporation provides, "that in case of any loss or damage by fire, happening to any member upon property insured in and with said company, the said member shall give notice thereof in writing to the directors, or some one of them, or to the secretary of said company, within thirty days from the time such loss or damage may have happened; and the directors, upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of said loss or damage; and if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party may bring an

action against said company for said loss or damage, at the next court to be holden in and for the county of Hillsborough, and not afterwards, unless said court shall be holden within sixty days after said determination; but if holden within that time, then at the next court holden in said county thereafter; and if, upon trial of said action, a greater sum shall be recovered than the amount determined upon by the directors, the party suffering shall have judgment therefor against said company, with interest thereon from the time said loss or damage happened, and costs of suit; but if no more shall be recovered than the amount aforesaid, the said party shall become nonsuit, and the said company shall recover their costs: provided, however, that the judgment last mentioned shall in no wise affect the claim of said suffering party to the amount of loss or damage, as determined by the directors aforesaid."

The plaintiff became a member of said company by obtaining a policy of insurance upon said house. At a meeting of the directors of said company, duly held on the 6th day of May, A. D. 1845, due notice having been given by the plaintiff of his loss, the directors, after a view by one of their number, and such other examination as they thought proper, voted to disallow the claim of the plaintiff for said loss, and of this vote the plaintiff was notified on the following day. At another meeting of the directors, duly holden on the 14th of June, 1845, the secretary was instructed to inform the plaintiff that the directors would confer with him, on the 23d of June, on the subject of referring his claim; and at a meeting of the directors, duly held on said 23d of June, at which the plaintiff was present, negotiations were had between the plaintiff and said directors, on the subject of agreeing to a reference for the decision of said claim. And at that meeting one of the directors was chosen to negotiate with the plaintiff in relation to the choice of a chairman for such board of reference. On the 5th of July, 1845, at

another meeting of said directors, duly held, another of said directors was chosen to negotiate with the plaintiff in relation to the same matter. Subsequently to this last meeting some further negotiations were had between the plaintiff and directors in relation to the same object, but no reference was ever agreed upon between them.

On the 28th of November, 1845, at a meeting duly held, the directors voted that it was expedient to bring the concerns of the company to a close; that the treasurer be authorized to make an assessment on the premium notes, sufficient to cover all losses and the expenses of closing the concern, and that the secretary be directed to notify all the members that the business of the office was to be brought to a close, and request all the members to surrender their policies. The plaintiff was notified, on or about the 1st of December, 1845, of these votes, and was requested to surrender his policy. In the course of said month of December the secretary of the company, under instructions to that effect from the directors, called upon the plaintiff, informed him of the proceedings of the directors relative to the winding up of the affairs of the company, and also informed him that most of the members of the company had surrendered their policies, and taken up their premium notes, and that he, the plaintiff, then had an opportunity to do the same; but this the plaintiff declined to do. An assessment having been made, in pursuance of the foregoing vote of the directors, the plaintiff, being notified of the assessment upon his premium note, neglected to pay the same until the commencement of this action, and has never paid the same.

It was agreed by the parties that if, upon the foregoing statement of facts, the court shall be of opinion that this action cannot be maintained, judgment shall be rendered for the defendants for their costs; but if, in the opinion of the court, the plaintiff can maintain his action upon the foregoing facts, then the action shall stand open for trial by the jury.

And it was ordered that the questions arising upon the foregoing case be reserved and assigned to the determination of the Superior Court.

*Parker* and *Farley*, for the plaintiffs.

*Perley* and *Pierce*, for the defendants.

GILCHRIST, C. J. By the clear provisions of the act of incorporation, the time for bringing the action to recover the loss upon this policy was limited to the October term, 1845; that being the next term in the county of Hillsborough occurring more than sixty days after the alleged loss. The action was not in fact brought till August 1, 1846, and must fail for that cause, if nothing be shown to extend the period limited, or to excuse the delay of the plaintiff to bring his action. All that is attempted to be done by the plaintiff in this particular is to show that at various times there were negotiations between the parties with a view to referring to arbitrators the matters in dispute between them. It does not, however, appear that they ever expressly agreed together to suspend legal remedies, to await the issue of these negotiations; and no such agreement is necessarily involved or implied in these negotiations, because they interposed no obstruction whatever to bringing the suit.

This is not a case in which the operation of the statute of limitations is delayed by the fraud of the defendant in concealing the cause of action, nor is it analogous to such a case. Nor do the defendants appear to have done anything to mislead the plaintiff. That party appears to have trusted to the results of the negotiations in which he was engaged, too long, and until his right to legal remedies has been lost by the remediless lapse of time. There must, therefore, according to the agreement of the parties, be

*Judgment for the defendants.*